UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN AGOSTINIS,

     Plaintiff,

v.                                                                    Case No: 8:17-cv-1723-T-30JSS

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

     Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Unopposed Motion for Extension to File Administrative Record and to Permit Filing of Unredacted Administrative Record on CD Under Seal ("Motion"). (Dkt. 11.) Defendant moves for an extension of time to file its administrative record under seal, without redactions. (Dkt. 11.) In accordance with the Court's ERISA Case Management and Scheduling Order, Defendant is compiling an administrative record to be filed by December 11, 2017. (See Dkt. 10.) Defendant contends that the administrative record contains 1,255 pages of documents, many of which contain confidential and sensitive financial, medical, and personally identifying information of Plaintiff. (Dkt. 11 at 2.) Defendant requests an extension through December 22, 2017 to file its un-redacted administrative record under seal. (Dkt. 11 at 2.) Defendant asserts that it will provide Plaintiff with a complete, un-redacted copy of the non-privileged portions of the administrative record and a privilege log of documents withheld from production. (Dkt. 11 at 2.) In the alternative, Defendant requests an extension through January 12, 2018 to fully redact the administrative record for filing. (Dkt. 11 at 3.) Plaintiff does not oppose the requested relief. (Dkt. 11 at 3.)

Under Middle District of Florida Local Rule 1.09, a party seeking to file any paper or other matter under seal must: (1) identify and describe each item proposed for sealing; (2) state the reason that filing each item is necessary; (3) state the reason that sealing each item is necessary; (4) state the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) state the proposed duration of the seal; and (6) provide a memorandum of legal authority supporting the seal. M.D. Fla. Local R. 1.09(a). No order sealing any item shall extend beyond one year, but a seal may be renewed upon filing a proper motion. M.D. Fla. Local R. 1.09(c).

Additionally, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, "[t]his right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, the Court finds that Defendant has shown good cause concerning why portions of the administrative record should be filed under seal. Specifically, the items to be sealed are described in the Motion, and Defendant has adequately explained why portions of the administrative record must be filed under seal, as they contain confidential and sensitive financial or medical information related to Plaintiff. *See Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to

file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access."); *Clark v. Unum Life Ins. Co. of Am.*, 3:14-CV-1037-J-34PDB, 2014 WL 12609869, at *1–2 (M.D. Fla. Oct. 16, 2014) (granting motion to file administrative record under seal because allowing public access to the personal information in the file would harm plaintiff's privacy interests). However, Defendant has not shown good cause to file the entire administrative record under seal. Defendant represents that not every page of the 1,255 administrative record contains confidential and sensitive information. (Dkt. 11 at 2.) A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1235 (11th Cir. 2013). Accordingly, it is

**ORDERED**:

1. Defendant's Unopposed Motion for Extension to File Administrative Record and to Permit Filing of Unredacted Administrative Record on CD Under Seal (Dkt. 11) is **GRANTED** in part and **DENIED** in part.

2. On or before January 12, 2018, Defendant is directed to submit to the Clerk, and the Clerk is directed to accept under seal, those portions of the administrative record that contain confidential and sensitive financial or medical information related to Plaintiff. Those portions of the administrative record shall remain under seal for a period not to exceed one (1) year. *See* M.D. Fla. Local R. 1.09(c).

3. Defendant is directed to file the remaining portions of the administrative record that do not contain confidential and sensitive financial or medical information related to Plaintiff on or before January 12, 2018.

**DONE** and **ORDERED** in Tampa, Florida, on December 8, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record